# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN P.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 2404 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Bryan P.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I.  PROCEDURAL HISTORY

On June 4, 2020, Plaintiff filed a claim for DIB, alleging disability since December 15, 2019. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on June 15, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On July 7, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 15, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: major depressive disorder; history of posttraumatic stress disorder (PTSD); schizoaffective disorder; and substance use disorder. The ALJ concluded at step

2

three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: can understand, remember, carry out, and sustain no more than routine tasks and cannot engage in complex tasks; is limited to performing the same tasks day in and day out with no public contact for work purposes and no more than occasional contact with coworkers and supervisors for work purposes; and cannot engage in teamwork situations, *i.e.*, cannot have work with others to complete the same job tasks but can work independently. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a stocker, auto detailer, closet installer, construction worker, fiber optic electrical helper, or cashier. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his

5

conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in assessing the opinion evidence; and (2) the ALJ erred in assessing Plaintiff's subjective symptoms. Each argument will be addressed below in turn.

### A. The ALJ's Assessment of Dr. Stephen Penepacker's Opinions

Plaintiff argues that the ALJ improperly discounted the opinions of his treating psychiatrist, Dr. Stephen Penepacker. Because Plaintiff filed his claim in 2020, the ALJ was required to evaluate the medical opinion evidence under

regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. §
404.1520c (2017). Under these regulations, the ALJ "will not defer or give any
specific evidentiary weight, including controlling weight, to any medical opinion(s)
or prior administrative medical finding(s), including those from [a claimant's]
medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate
"how persuasive [she] find[s] all of the medical opinions and all of the prior
administrative medical findings in [a claimant's] case record." 20 C.F.R. §
404.1520c(b). Factors to be considered in this evaluation include supportability,
consistency, relationship with the claimant, specialization, and other factors that
tend to support or contradict a medical opinion or prior administrative medical
finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two
most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2)
("The more consistent a medical opinion(s) or prior administrative medical
finding(s) is with the evidence from other medical sources and nonmedical sources
in the claim, the more persuasive the medical opinion(s) or prior administrative
medical finding(s) will be."). An ALJ's decision must explain how she considered the
factors of supportability and consistency, but she is not required to explain how she
evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

    In her decision, the ALJ noted Dr. Penepacker's opinions, including his
opinions that Plaintiff had a marked limitation in his ability to adapt and maintain
oneself and an extreme limitation in his ability to concentrate, persist, or maintain

pace. In finding Dr. Penepacker's opinions unpersuasive, the ALJ reasoned as

follows:

> The opinion of Dr. Penepacker, dated January 2021 was not persuasive
> overall as he did not provide any references to specific treatment notes
> or events to support such limitations. He placed check marks including
> for absences and being off task, and he indicated a marked limitation in
> his ability to adapt and maintain oneself and extreme limitation in his
> ability to concentrate, persist, or maintain pace yet the claimant has the
> capacity to tend to personal care and do light chores. He had the ability
> to concentrate, persist, or maintain pace to learn how to use and operate
> a vacuum cleaner and laundry machines as well as a cell phone. He had
> the ability to concentrate, persist, or maintain pace to receive, read,
> compose, and send emails and texts. . . . The claimant has the ability to
> concentrate, persist, or maintain pace to focus to watch movies. While
> he claimed to have problems with hearing voices, he was able to testify
> with no evidence of interfer[ence] or distraction, and this [is] also seen
> in the record. The claimant has the ability to concentrate, persist, or
> maintain pace and [and the] ability to handle funds. He can interact
> alone with others such as at appointments with no evidence of
> disruption from any mental symptoms including voices. His treating
> source did not discuss an increase in symptoms when off medications,
> and the impact on his mental capacity. It is noted that the claimant has
> the ability to concentrate, persist, or maintain pace [to] watch television
> during treatment. Dr. Penepacker did not explain how [it is] that the
> claimant is able to go out alone to appointments and drive about once a
> month per testimony if he had the extreme limitations as opined.

(R. 24-25 (citations omitted).)

So, in sum, the ALJ discounted Dr. Penepacker's opinions because they were

not supported by treatment notes, were inconsistent with Plaintiff's daily activities,

and were inconsistent with Plaintiff's demonstrated abilities in life and at the

hearing. Given the ALJ's explicit rationales, the Court finds that the ALJ properly

assessed and explicated supportability and consistency in discounting Dr.

Penepacker's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ was entitled to

discount the opinions on the grounds that they were of a "checkmark" nature. *See*

*Regina P. v. Saul*, No. 19 CV 3155, 2020 WL 4349888, at *7 (N.D. Ill. July 29, 2020)

("The Seventh Circuit has observed that check-box opinions like the one Dr. Fischer

submitted are less helpful than narrative discussions, and the ALJ was entitled to

point to the conclusory nature of his opinion as a reason to discount it.") (citations

omitted). The Court declines Plaintiff's general invitation to reweigh the evidence in

relation to Dr. Penepacker's opinions, an endeavor the Court cannot undertake. *See*

*Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

    **B.**    <u>**The ALJ's Symptom Evaluation**</u>

    Plaintiff argues that the ALJ's subjective symptom evaluation is flawed. In

particular, Plaintiff asserts that the ALJ did not sufficiently analyze his daily

activities in relation to his allegations. Pertinent to that topic, in evaluating

Plaintiff's mental limitations, the ALJ explained that Plaintiff's alleged difficulties

with understanding or applying information were belied by the fact that Plaintiff

has the ability to tend to personal care, handle funds, do chores, and use a laundry

machine, vacuum cleaner, and lawn mower. (R. 17.) The ALJ further reasoned that

Plaintiff has the ability to drive, which the ALJ explained requires an individual to

understand and utilize the multiple functions of the vehicle, obey traffic signals and

signs, and determine routes to destinations. (*Id.*) The ALJ also explained that

Plaintiff's alleged mental difficulties were undermined by the fact that Plaintiff has

the ability text and e-mail on his cell phone, follow a schedule, and assist his family

with remodeling projects. (*Id.*) Additionally, the ALJ reasoned that Plaintiff had

demonstrated abilities in adapting and managing himself in that he could prepare

food, wash dishes, vacuum, dust, do laundry, take out the garbage, shovel, go to the grocery store with his family, shop by mail, handle funds, watch television, attend doctor appointments, visit his sister's house, and listen to music. (*Id.* at 18-19.)

With respect to an ALJ's assessment of a claimant's symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). As to daily activities – the topic Plaintiff focuses on – the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

In this case, the Court finds that – per the ALJ's explicit rationales outlined above – the ALJ sufficiently assessed Plaintiff's daily activities in relation to his symptoms and adequately explained the inconsistencies between Plaintiff's daily activities and his allegations. And, ultimately, the Court finds that the ALJ's symptom assessment was not patently wrong. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no

10

reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

Aside from his argument concerning his daily activities, Plaintiff also asserts that "the ALJ did not explain how she considered the treatment that [Plaintiff] received when she evaluated his subjective allegations" and "did not explain why [Plaintiff] would have undergone such treatment unless he suffered from debilitating psychiatric impairments." (Pl.'s Br. at 14.) Additionally, Plaintiff contends that the ALJ inappropriately considered that his symptoms improved with treatment. The Court finds those argument unavailing, and agrees with Defendant's responsive summation that "the ALJ properly discussed plaintiff's treatment records, including his medications, hospitalizations, and therapies and their effects on his symptoms and found that plaintiff's impairments caused multiple limitations, accommodated by the restrictions in the RFC, and he could perform work within his restricted RFC." (Def.'s Memo. at 13.)

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is granted.

**SO ORDERED.**                    **ENTERED:**

**DATE:**    **March 29, 2023**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**